
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STUART FRIEDMAN,

                                  Plaintiff,

-- against --

THE CITY OF NEW YORK,
POLICE OFFICER PETER FORTE,
SERGEANT JOSEPH CANCELINO,
and JOHN/JANE DOE NOS. 1 THROUGH 10,
being unknown employees of the City of New York,

                                  Defendants.

------------------------------------------------------------------X

Docket No.

**COMPLAINT**

Jury Trial Demanded

Plaintiff STUART FRIEDMAN, by and through his attorney Justin Bonus, complaining of defendants CITY OF NEW YORK, SERGEANT JOSEPH CANCELINO, POLICE OFFICER PETER FORTE, and JOHN/JANE DOE NOS. 1 through 10, being unknown employees of the city of New York, hereby alleges upon information and belief as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff STUART FRIEDMAN is a natural person residing in Queens County, New York. At the times relevant to the lawsuit, he resided in Queens.

2. Defendant CITY OF NEW YORK is, and was at all times relevant to this action, a municipal corporation existing under and by virtue of the laws of the State of New York, with the powers and duties imposed by law thereon

3. Defendant SERGEANT JOSEPH CANCELINO is a sergeant within the New York City Police Department. At all times relevant to this lawsuit, he was an officer of the New York City Police Department employed by defendant CITY OF NEW YORK, having the powers

and duties imposed by law thereon.

4. Defendant POLICE OFFICER PETER FORTE is an officer of the New York City Police Department. At all times relevant to this lawsuit, he was an officer of the New York City Police Department employed by defendant CITY OF NEW YORK, having the powers and duties imposed by law thereon.

5. Defendants JOHN/JANE DOE NOS. 1 THROUGH 10 are, and were at all times relevant to this lawsuit, employees employed by defendant CITY OF NEW YORK and having the powers and duties imposed by law thereon, whose identities are not presently known to plaintiff but who participated in the unlawful and/or unconstitutional acts alleged herein.

6. At all times relevant to this lawsuit, defendants CANCELINO, FORTE, and JOHN/JANE DOE NOS. 1 through 10 were acting in the course and scope of their employment and were acting under color of New York State law.

7. This is an action under Title 42, Section 1983 of the United States Code in which plaintiff FRIEDMAN alleges that he was deprived under the color of law of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States by reason of the defendants' failure to investigate exculpatory evidence and/or false discrediting of exculpatory evidence that resulted in him being incarcerated for more than 1 day for violating an order of protection that was facially invalid. Plaintiff also brings claims under New York State law for false imprisonment; malicious prosecution; negligent hiring, retention, training, discipline and supervision; and common-law negligence predicated upon the same acts and transactions as the aforesaid Federal constitutional claims.

8. This Court has jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1331 and over the related state law clams pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and more particularly in the County Queens.

## NOTICE OF CLAIM

10. A written Notice of Claim was filed with the CITY OF NEW YORK on August 18, 2015. More than thirty days have elapsed since the filing of said Notices of Claim and these matters have not been settled or otherwise resolved.

11. Plaintiff has submitted to an examination under oath pursuant to Section 50-h of the New York General Municipal Law and has complied with any and all other conditions precedent to suit against the CITY OF NEW YORK.

## JURY DEMAND

12. Plaintiff hereby demands trial by jury of all issues raised in this Complaint.

## OVERVIEW

13. This case arises from the arrest, imprisonment and prosecution of STUART FRIEDMAN beginning on July 2, 2014.

14. By way of background, on December 2, 2002, based upon FRIEDMAN's indictment and conviction of financial crimes, FRIEDMAN was the subjected to an invalid order of protection.

15. After several attempts to have the order of protection terminated by the complainants, Marvin and Sidney Friedman, it became apparent that a certified copy of the actual order of protection no longer existed.

16. The only known record of the order of protection issued by the court on December 2, 2002 is a New York State Police Information Network teletype printout which

3

stated: "CONFIRM COMPLETE ORDER OF PROTECTION WITH LAW ENFORCEMENT …WARNING – THE FOLLOWING IS AN NCIC PROTECTION ORDERED RECORDED. DO NOT SEARCH, DETAIN OR ARREST BASED SOLELY ON THIS RECORD. CONTACT ENTERING AGENCY TO CONFIRM STATUS AND TERMS OF PROTECTION ORDER."

16. On July 2, 2014, Barbara and Kevin Sheehan made several 911 calls to report that STUART FRIEDMAN was in the front yard of 111-45 44th Avenue, Corona, NY, and stated, in sum and substance, that Mr. FRIEDMAN was violating the order of protection by being present at that address and in close proximity to her father, Marvin Friedman.

17. Members of the NYPD, including FORTE and CANCELINO, arrived at that location and arrested STUART FRIEDMAN on the basis of the Sheehans' statements and the defendants' belief that Mr. FRIEDMAN was in violation of an order of protection. The defendants did not verify truth of the Sheehans' statements or verify whether the order of protection was still valid.

18. Upon information and belief, MR. FRIEDMAN spent roughly 24 hours in jail before he was released on his own recognizance.

19. The criminal litigation stemming from this unlawful arrest vis-à-vis the order of protection lasted almost a year, during which time the District Attorney's office failed to produce a certified copy of the alleged order of protection issued by the Court on December 2, 2002.

20. During the litigation, counsel for Mr. FRIEDMAN requested a certified copy of the order of protection on multiple occasions. Finally, counsel for Mr. FRIEDMAN filed a motion to dismiss based upon the defective or otherwise non-existent order of protection.

21. On May 26, 2015, almost a year after the criminal contempt charges were filed

against Mr. FRIEDMAN, the charges were dismissed by Queens Supreme Court Justice Elisa S. Koenderman based upon the facially defective order of protection and the lack of non-hearsay allegations to support the criminal complaint.

22. Significantly, after Mr. FRIEDMAN's arrest and during the subsequent litigation, Mr. FRIEDMAN was unable to help his elderly father because of the Defendant's enforcement of the facially invalid order of protection. In fact, from 2011 until May 26, 2015, Mr. FRIEDMAN's relationship with his entire family was affected by the facially invalid and defective order of protection and the police department's wrongful enforcement of said order of protection.

23. Mr. FRIEDMAN was and is innocent of the crime of which he was charged and suffered wrongful prosecution, incarceration and interference with his familial relationships solely due to the unlawful and unconstitutional acts of the Defendants herein.

## FACTUAL BACKGROUND

24. On July 2, 2014, at or around 4:00 P.M., the NYPD arrived in front of 111-45 44th Avenue, Corona, NY based upon several 911 phone calls by Barbara and Kevin Sheehan. Mr. FRIEDMAN was arrested on the basis of his alleged violation of an order of protection issued on behalf of his father, Marvin Friedman on December 2, 2002. At this time, the only relevant information the arresting officers FORTE and CANCELINO had at their disposal to arrest Mr. FRIEDMAN was a New York State Police Information Network printout that stated: "CONFIRM COMPLETE ORDER OF PROTECTION WITH LAW ENFORCEMENT…WARNING- THE FOLLOWING IS AN NCIC PROTECTION ORDER RECORD. DO NOT SEARCH, DETAIN OR ARREST BASED SOLELY ON THIS RECORD. CONTACT ENTERING AGENCY TO CONFIRM STATUS AND TERMS OF

PROTECTION ORDER." Neither Sergaent CANCELINO nor Officer FORTE contacted the agency to confirm the status of the order of protection and neither officer saw a copy, certified or otherwise, of the order of protection.

25. At or around 4PM on July 2, 2014, Mr. FRIEDMAN, Marvin Friedman, Andrew Friedman and several neighbors were having a conversation with one another in the front yards located at or around 111-45 44th Avenue, Corona, NY. Barbara and Kevin Sheehan arrived at 111-45 44th Avenue Corona, NY and parked, blocking the driveway to that address. According to Marvin Friedman and Andrew Friedman, upon her arrival, Barbara Sheehan interrupted the conversation and screamed multiple times that Mr. FRIEDMAN was not allowed to be at 111-45 44th Avenue, Corona, NY.

26. Mrs. Sheehan called 911 and informed the dispatcher that Mr. FRIEDMAN was in violation of his parole because he was in close physical proximity to her father, Marvin Friedman, and was standing outside of 111-45 44th Avenue Corona, NY. Notably, the alleged complaining witness, Marvin Friedman, never called the police.

27. Mr. FRIEDMAN had been released from parole sometime in 2012.

28. Several members of the NYPD arrived on the scene, including Sergaent CANCELINO and Officer FORTE.

29. Marvin Friedman informed the officers that his daughter, Sheehan, called in a false report and was told to leave.

30. Sergaent CANCELINO ordered Mr. FRIEDMAN to step out of the vehicle that he arrived in so that the officers could conduct a search. Mr. FRIEDMAN complied with all demands.

31. After an hour-and-a-half, Officer FORTE arrested Mr. FRIEDMAN on the basis

of the following:

    a.    Barbara Sheehan stated to officers that Mr. FRIEDMAN was inside his father's residence at 111-45 44th Avenue, Corona, NY;

    b.    Sergeant CANCELINO also observed Mr. FRIEDMAN inside the residence located at 111-45 44th Avenue, Corona, NY and;

    c.    Officer FORTE observed a teletype printout stating: "CONFIRM COMPLETE ORDER OF PROTECTION WITH LAW ENFORCEMENT…WARNING- THE FOLLOWING IS AN NCIC PROTECTION ORDER RECORD.  DO NOT SEARCH, DETAIN OR ARREST BASED SOLELY ON THIS RECORD.  CONTACT ENTERING AGENCY TO CONFIRM STATUS AND TERMS OF PROTECTION ORDER."

32.    None of the officers on the scene confirmed that Mr. FRIEDMAN was inside 111-45 44th Avenue or on the property from any other person other than Sheehan.  The complaint filed does not identify how Sheehan is related to Marvin Friedman or knows where Marvin Friedman's residence is located.  Additionally, Marvin Friedman never stated that 111-45 44th Avenue was his residence nor did Marvin Friedman state to Sergeant CANCELINO or Officer FORTE that Mr. FRIEDMAN was in his home or on his property.

33.    Marvin Friedman repeatedly told the officers to not arrest his son, Mr. FRIEDMAN.

34.    Neither Sergeant CANCELINO nor Officer FORTE contacted the entering agency to confirm that the order of protection was still valid pursuant to the New York State Police Information Network Teletype printout that was used as the basis of the arrest and complaint against Mr. FRIEDMAN.

35.    Mr. FRIEDMAN was arrested and spent 28 hours in jail before he was released

on his own recognizance .

36. During the course of the criminal litigation, counsel for Mr. FRIEDMAN requested discovery materials 5 times between September 25, 2014 and November 12, 2014. During that time, the Queens County District Attorney's office never provided defense counsel or the court a copy of the order of protection that Mr. FRIEDMAN was charged with contempt for violating on July 2, 2014.

37. On February 9, 2015, counsel for Mr. FRIEDMAN filed a motion to dismiss based upon the order of protection filed on December 3, 2002 being invalid as a matter of law and the District Attorney's failure to provide pertinent discovery, including a copy of the order of protection, itself.

38. On May 26, 2015, almost a year after the criminal contempt charges were filed, the charges were dismissed by Judge Elisa S. Koenderman based upon the facially defective order of protection and the lack of non-hearsay allegations to support the criminal complaint. Again, it should be noted that the prosecution *never* presented a certified copy of the order of protection to the court even after repeatedly being ordered to do so.

39. Prior to Mr. FRIEDMAN's arrest and during the time of the litigation, Mr. FRIEDMAN's relationship with his family was severely interfered with based upon the facially defective order of protection and the enforcement of same.

### AS AND FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 (DEFENDANTS FORTE, CANCELINO, AND JOHN/JANE DOE NOS. 1 THROUGH 10)

40. The allegations in paragraphs 1 through 39 of the complaint are repeated and realleged as if fully set forth herein.

41. Defendants FORTE, CANCELINO, and JOHN/JANE DOE NOS. 1 through 10

deprived plaintiff FRIEDMAN of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States by manner and means including but not limited to the following:

    a. Failure to disclose exculpatory material, including but not limited to the exculpatory fact that the order of protection did not exist;

    b. Failure to investigate, obtain and/or follow up on exculpatory evidence of which they knew or should have known, and which would have proven Plaintiff's total innocence.

42. In effecting each of the above deprivations, defendants FORTE, CANCELINO and JOHN/JANE DOE NOS. 1 through 10 acted under color of New York State law.

43. In effecting each of the above deprivations, defendants FORTE, CANCELINO and JOHN/JANE DOE NOS. 1 through 10 were deliberately indifferent to the constitutional rights of the Plaintiff.

44. Because the plaintiff's arrest and prosecution was obtained through fraud and/or the willful failure to investigate exculpatory evidence, there was no probable cause to arrest and prosecute the plaintiff.

45. Because the plaintiff's arrest and prosecution were obtained through fraud, failure to disclose exculpatory evidence and/or the willful failure to investigate exculpatory evidence, any probable cause that may arguably have existed at the time of the arrest was vitiated by the time of indictment, trial and/or conviction.

46. Because the plaintiff's arrest and prosecution were obtained through fraud, failure to disclose exculpatory evidence and/or the willful failure to investigate exculpatory evidence, no presumption of regularity attaches to any act of the Defendants.

47. Plaintiff's injuries, including the interference with his familial relations, were proximately caused by the aforesaid constitutional deprivations and conduct of the Defendants.

48. By reason of the foregoing, defendants FORTE, CANCELINO and JOHN/JANE DOE NOS. 1 through 10 are liable to Plaintiff pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 (DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT)

49. The allegations in paragraphs 1 through 48 of the complaint are repeated and re-alleged as if fully set forth herein.

50. The aforesaid constitutional violations were proximately caused by one or more policies, practices and/or customs of defendants CITY OF NEW YORK, including but not limited to failure to investigate exculpatory evidence and failing to disclose exculpatory material.

51. It was further the policy, practice and/or custom of defendant CITY OF NEW YORK to fail to train, discipline and/or supervise police officers so as to prevent them from relying on witnesses known to be untruthful, failing to investigate exculpatory evidence, and failing to disclose exculpatory material.

52. The CITY OF NEW YORK knew to a moral certainty that its police officers would confront situations conducive to reliance on witnesses known to be untruthful, failure to investigate exculpatory evidence and/or failure to disclose exculpatory material.

53. The CITY OF NEW YORK knew that such situations would lead to difficult choices of the type that training, supervision and/or discipline would help to resolve.

54. The CITY OF NEW YORK knew that, in the event of an incorrect choice, a constitutional deprivation was highly likely to occur.

55. There are many facts and circumstances from which these policies, patterns, practices and/or customs may be inferred. To begin with, defendants FORTE and CANCELINO relied on the unreliable statements of the Sheehans instead of following the directives on the New York State Police Information teletype printout.

56. Further, defendants FORTE and CANCELINO failed to follow police documentation, including failing to contact the agency that may have issued the order of protection and never confirming the actual existence of the order of protection that FRIEDMAN's arrest was based upon.

57. Upon information and belief, ample other evidence of the above-stated unconstitutional patterns, practices, policies and/or customs exists, which is within the sole and exclusive knowledge of the defendants herein and which may be obtained through discovery.

58. By reason of the foregoing, defendants CITY OF NEW YORK are liable to Plaintiff pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION: FALSE IMPRISONMENT

59. The allegations in paragraphs 1 through 58 of the complaint are repeated and realleged as if fully set forth herein.

60. By reason of the foregoing, defendants and each of them are liable to Plaintiff for false imprisonment in an amount to be determined at trial.

### AS AND FOR A FORTH CAUSE OF ACTION: MALICIOUS PROSECUTION

61. The allegations in paragraphs 1 through 60 of the complaint are repeated and realleged as if fully set forth herein.

62. By reason of the foregoing, defendants and each of them are liable to Plaintiff for

malicious prosecution in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION: NEGLIGENCE

63. The allegations in paragraphs 1 through 62 of the complaint are repeated and realleged as if fully set forth herein.

64. Defendants, their employees, agents and/or servants were careless, reckless and/or negligent in failing to investigate exculpatory evidence of which they knew or should have known; failing to implement policies, practices and/or procedures to ensure that exculpatory evidence would not be withheld; failure to exercise proper oversight, supervision and/or control to ensure that police officers and investigators did not run roughshod over the civil rights of the people of the city; and in otherwise being careless, reckless and/or negligent.

69. Plaintiff's injuries and each of them were proximately caused by the aforesaid carelessness, recklessness and/or negligence of the defendants.

70. By reason of the foregoing, defendants and each of them are liable to Plaintiff for negligence in an amount to be determined at trial.

### AS AND FOR AN SIXTH CAUSE OF ACTION: NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION (AGAINST DEFENDANT CITY OF NEW YORK)

71. The allegations in paragraphs 1 through 70 of the complaint are repeated and re-alleged as if fully set forth herein.

72. Defendant CITY OF NEW YORK failed to exercise adequate and reasonable supervision, oversight and/or control over defendants FORTE and CANCELINO, thus enabling them to pursue their unconstitutional practices and objectives.

73. Plaintiff's injuries and each of them were proximately caused by the conduct of

defendant CITY OF NEW YORK as aforesaid.

74. By reason of the foregoing, defendants and each of them are liable to Plaintiff for negligent hiring, retention and/or supervision in an amount to be determined at trial.

## ATTORNEYS' FEES

75. Pursuant to 42 U.S.C. § 1988, in the event that the Plaintiff prevails in this action, plaintiff is entitled to attorneys' fees in an amount to be determined by this Court.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally in an amount to be determined at trial together with costs, disbursements, attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       April 25, 2016

Respectfully Submitted,

EDMOND R. SHINN, ESQ., LTD.

JUSTIN BONUS, ESQ., *of counsel*
Attorney for Plaintiff
7032 Lafayette Avenue
Fort Washington, PA 19034
(347) 920-0160
(Counsel to be Noticed)

13

## ATTORNEY'S VERIFICATION

**JUSTIN BONUS**, an attorney duly admitted to practice before the Courts of the United States District Court of the Eastern District of New York, affirms the following to be true under the penalties of perjury:

I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff is not presently in the county wherein the attorneys maintain their offices.

Dated: New York, N.Y.
April 25, 2016

                                                                    **JUSTIN C. BONUS**